IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK AND JENNIFER SCHRAD, on behalf of their daughter, S.S.,      Plaintiffs, <br><br> v. <br><br> RADNOR TOWNSHIP SCHOOL DISTRICT, <br><br>      Defendant. | CIVIL ACTION <br><br> NO. 16-6354 |

**Goldberg, J.**                                                                          September 28, 2017

### MEMORANDUM OPINION

Plaintiffs Mark and Jennifer Schrad, on behalf of their daughter S.S., bring the present action under the Individuals with Disabilities Education Act, 20 U.S.C. § 1411, et seq. ("IDEA"), challenging the findings from a due process hearing between themselves and Defendant Radnor Township School District (the "District"). Plaintiffs also seek an award of attorneys' fees and costs because they were the prevailing parties in the due process hearing. Currently pending before me is Plaintiffs' Motion to Dismiss three of Defendant's Counterclaims. For the following reasons, I will grant the Motion and dismiss Counterclaim Counts I.A, I.B, and I.C.

### I. FACTUAL BACKGROUND

On December 10, 2015, when S.S. was in third grade, Plaintiffs challenged an Individualized Education Program ("IEP") offered by the District. (Compl. ¶ 1.) On November 7, 2016, following a due process hearing, the Hearing Officer determined that both the proposed IEP and previous IEPs offered by the District failed to offer S.S. a free, appropriate public

education ("FAPE") in reading, language arts, and literacy. (Id. ¶¶ 2, 13.) The Hearing Officer awarded compensatory education for the District's failures in both second and third grade, and directed the District to develop a new IEP for S.S. containing appropriate goals in literacy, writing, and mathematics. (Id. ¶ 3.) The Hearing Officer further ordered that, in the event the District and Plaintiffs disagreed on the appropriate goals and objectives in academic subjects in the new IEP, Plaintiffs' literacy expert should serve as the "tie-breaker" to resolve such disagreements at the District's expense. (Id.)

According to Plaintiffs, the Hearing Officer failed to address and decide one of the fundamental issues they had raised regarding whether the District's proposed program for S.S. enabled her to be educated with children who do not have disabilities to the maximum extent appropriate, as required by 20 U.S.C. § 1412(a)(5). (Id. ¶ 4.) In other words, Plaintiffs allege that while the Hearing Officer ruled on the FAPE requirement of IDEA, he did not address the Least Restrictive Environment ("LRE") requirement of IDEA. See T.R. v. Kingwood Twp. Bd. of Educ., 205 F.3d 572, 578 (3d Cir. 2000) (holding that IDEA requires States to provide a free, appropriate public education in the least restrictive environment).

On December 8, 2016, Plaintiffs initiated this civil action, under 20 U.S.C. § 1415(i)(2), to contest portions of the Hearing Officer's decision.[1] In addition, Plaintiffs raised claims under

---

[1] This section provides that:

> [A]ny party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

2

Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 and 34 C.F.R. § 104.4, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131, et seq. As part of their request for relief, Plaintiffs sought an award of reasonable attorneys' fees and costs, pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I), for both the due process proceeding and the time to litigate the federal case.

On January 30, 2017, Defendant filed its Answer and Affirmative Defenses. In addition, Defendant filed six counterclaims that: (1) Plaintiffs are not prevailing parties under IDEA and, therefore, are not entitled to reimbursement of attorneys' fees or costs; (2) even if Plaintiffs prevailed on some of their claims, Plaintiffs' attorneys' fee demand is excessive; (3) Plaintiffs' demand for reimbursement of costs paid to experts is expressly denied under IDEA; (4) the Hearing Officer erred in directing Plaintiffs' literary expert to "break the tie" regarding areas of instruction for which she has no expertise; (5) the Hearing Officer erred in finding that the District failed to provide a FAPE for S.S. in reading and writing; and (6) arguments raised in the federal court proceeding were not raised in the due process proceeding and, therefore, are barred.

On February 20, 2017, Plaintiffs filed a Motion to Dismiss Defendant's first three Counterclaims. Defendant responded on March 6, 2017.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly,

---

20 U.S.C. § 1415(i)(2)(A).

3

550 U.S. 544, 555 (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id. Allegations in counterclaims are held to the same pleading standards as allegations in complaints. RAH Color Techs. LLC v. Ricoh USA Inc., 194 F. Supp. 3d 346, 348 (E.D. Pa. 2016).

The United States Court of Appeals for the Third Circuit has detailed a three-step process to determine whether a complaint meets the pleadings standard. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. Id. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679). The last step is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679).

## III. DISCUSSION

Plaintiffs seek dismissal of Defendant's first three Counterclaims, which allege that: (1) Plaintiffs are not prevailing parties under IDEA and, therefore, are not entitled to reimbursement of attorneys' fees or costs; (2) even if Plaintiffs prevailed on some of their claims, Plaintiffs' attorneys' fee demand is excessive; and (3) Plaintiffs' demand for reimbursement of costs paid to

experts is expressly denied under IDEA. Plaintiffs argue that the Counterclaims are neither independent claims against Plaintiffs nor affirmative defenses, but rather mere denials of the claims asserted by Plaintiffs. I agree and will dismiss these Counterclaims.

Under Federal Rule of Civil Procedure 13, counterclaims seek affirmative relief, meaning the party asserting them bears the burden of properly pleading them. 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1407 (3d ed.). A Rule 13 claim must be presented in a simple, concise, and direct manner, as required by Rule 8(a) and Rule 8(e). Id. "As with all claims for relief, an attempt to invoke Rule 13 must state a claim upon which relief can be granted or it will be subject to dismissal under Rule 12(b)(6)." Id.

Notably, "[t]he label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label." Tenneco Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379 (7th Cir. 1985). Rather,

> [T]he question whether a set of facts is properly a counterclaim or merely a defense is not always an easy one to answer. When the defendant is asking for an affirmative award of money damages rather than simply a reduction of plaintiff's claim, defendant's pleading should be regarded as a counterclaim. But many kinds of relief, though affirmative in form, are in result nothing more than defenses to plaintiff's claim.

Fleming James, Jr. & Geoffrey Hazard, Civil Procedure 252, 255 (5th ed. 2001) (footnote omitted). As a general rule, counterclaims must seek relief independent of that sought in the complaint. Id.

Here, Defendant's first three Counterclaims are not independent pieces of litigation seeking an affirmative award against Plaintiffs. Rather, they are merely a response and defense to Plaintiffs' request for attorneys' fees and costs in the Complaint. Absent Plaintiffs' claim, Defendant's first three Counterclaims would have no basis and could not be separately asserted

against Plaintiffs in a freestanding litigation. As these Counterclaims do not state a claim upon which relief can be granted, they are subject to dismissal under Rule 12(b)(6).[2]

The discussion, however, does not end there. Federal Rule of Civil Procedure 8(c) provides that "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." Fed. R. Civ. P. 8(c)(2). Under this Rule, the question then becomes whether Defendant's first three Counterclaims must be resdesignated as affirmative defenses. I find that they should not be.

"An affirmative defense is an assertion raising new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in her complaint are true." Sterten v. Option One Mtg. Corp., 479 F. Supp. 2d 479, 482–83 (E.D. Pa. 2007) (citing 2 James Wm. Moore et al., Moore's Federal Practice ¶ 8.07[1] (3d ed. 2006)). In other words, an affirmative defense excuses the defendant's conduct even if the plaintiff is able to establish a *prima facie* case, while a general defense negates an element of plaintiff's *prima facie* case. Donohoe v. Am. Isuzu Motors, Inc., 155 F.R.D. 515, 518 (M.D. Pa. 1994).

In this case, Defendant's first three Counterclaims are nothing more than general defenses. IDEA provides that,

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . (I) to a prevailing party who is the parent of a child with a disability. . . .

---

[2] Defendant argues that Plaintiffs' Motion neither establishes that Defendant failed to plead the requisite elements of their claims nor presents any argument that relief cannot be granted on the facts as plead by the District. (Def.'s Mem. Supp. Opp'n Mot. to Dismiss 3.) Defendant's Counterclaims, however, are not actually "claims" that have any elements, meaning that Plaintiffs could not feasibly make such an argument.

6

20 U.S.C. § 1415(i)(3)(B)(i); see also J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267, 271 (3d Cir. 2002). Under this formulation, the party seeking attorneys' fees bears the burden on several elements. First, he must establish that he is a "prevailing party" as defined in the case law. See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989) (holding that to succeed on a request for attorneys' fees under IDEA, "at a minimum, . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."); see also P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 855 (3d Cir. 2006) (holding that a plaintiff must establish that he/she is a "prevailing party."). Moreover, "[t]he party seeking attorney's fees has the burden to prove that [his] request for attorney's fees is reasonable." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990); see also Neena S. ex rel. Robert S. v. Sch. Dist. of Phila., No. 05-5404, 2009 WL 2245066, at *2 (E.D. Pa. July 27, 2009) ("The party seeking attorneys' fees bears the burden of establishing the reasonableness of each factor in the lodestar equation with satisfactory evidence in addition to submitting the attorneys' own affidavits."). Finally, the moving party has the burden of proving that the costs which he seeks fall within the range of costs authorized by the statute. Neena, 2009 WL 2245066, at *10.

Defendant's first three Counterclaims correspond precisely with these elements. To that end, they are not affirmative defenses alleged in the event Plaintiffs can establish a *prima facie* entitlement to all requested attorneys' fees and costs. Rather, they are denials that Plaintiffs have actually proven the elements of their *prima facie* case.[3] As these titular "Counterclaims" actually

---

[3] In its Response to the Motion to Dismiss, Defendant argues that Plaintiffs' Motion fails to take into account the procedural posture of this case and the fact that it is an appeal from a Special Education Hearing Officer's decision following a due process hearing. It goes on to contend that "[t]he parties" are appealing that decision, and that Defendant's Counterclaims

7

constitute general defenses, I need not redesignate them as affirmative defenses under Rule 8(c). I will therefore dismiss Counts I.A, I.B, and I.C of Defendant's Counterclaim Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

    An appropriate Order follows.

---

"seek a ruling that the District does not have to pay any fees because the Plaintiffs are not entitled under the IDEA to attorneys' fees." (Def.'s Mem. Supp. Opp'n Mot. to Dismiss 4.)

    This argument is misplaced on multiple grounds. First, contrary to Defendant's statement, it is well established that "an IDEA action filed in federal district court is properly characterized as an original 'civil action,' not an 'appeal.'" Jonathan H. v. The Souderton Area Sch. Dist., 562 F.3d 527, 529 (3d Cir. 2009) (citing 20 U.S.C. § 1415(i)(2)(A)). Second, Defendant's first three Counterclaims do not represent any type of challenge or appeal of the Hearing Officer's decision because the Hearing Officer did not award attorneys' fees, meaning there is no award to be challenged. Finally, although Defendant's responsive brief attempts to recharacterize its first three Counterclaims as requests for declaratory judgment, the Counterclaim Complaint is not styled as such.